trans

PROB 22
(Rev. 2/88)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 05 2009 ★
BROOKLYN OFFICE

# TRANSFER OF JURISDICTION

FILED
2009 AUG -4 P 4: 23
U.S. DISTRICT COURT
NEW HAVEN CT

| | | |
|---|---|---|
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE<br>JESSICA SANCHEZ | DISTRICT<br>Eastern District of New York | DOCKET NUMBER (Tran. Court)<br>1:05-CR-343-01<br>DOCKET NUMBER (Rec. Court)<br>3:09cr182 AWT<br>DIVISION<br>Supervision |
| | NAME OF SENTENCING JUDGE<br>Hon. John Gleeson, U.S. District Judge | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 12/21/2007 — TO 12/20/2010 |

OFFENSE
Importation of Heroin into the United States, in violation of 21 U.S.C. §§ 952(a)(1) and 960(b)(3)

FILED
2009 APR -8 P 1: 21
U.S. DISTRICT COURT
BRIDGEPORT, CONN

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the DISTRICT OF CONNECTICUT upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

1-14-08
*Date*

/s/
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

A TRUE COPY
ATTEST
DATED August 5 2009
ROBERT C. HEINEMANN
CLERK
BY Francine Pyper
DEPUTY CLERK

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ______ DISTRICT OF CONNECTICUT

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

4/24/08
*Effective Date*

/s/
*United States District Judge*

36

WG:JR
F.#2005R00594

FILED
2009 AUG -6 P 1:23
U.S. DISTRICT COURT
NEW HAVEN, CT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 10 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-against-

JESSICA SANCHEZ,

Defendant.

- - - - - - - - - - - - - - - - - X

INFORMATION

Cr. No. ____________
(T. 21, U.S.C., §§ 952(a), 960(a)(1), 960(b)(3), and T. 18, U.S.C., §§ 2 and 3551 *et seq.*)

THE UNITED STATES ATTORNEY CHARGES:

On or about March 26, 2005, within the Eastern District of New York and elsewhere, the defendant JESSICA SANCHEZ, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(3); Title 18, United States Code, Sections 2 and 3551 *et seq.*)

A TRUE COPY
ATTEST
DATED August 5 2009
ROBERT C. HEINEMANN
CLERK
BY Francine Piper
DEPUTY CLERK

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: ____________________
Assistant U.S. Attorney

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 Case 1:05-cr-00343-JG Document 30 Filed 07/26/07 Page 1 of 6

FILED 2009 AUG -6 P 2:3? U.S. DISTRICT COURT NEW HAVEN, CT

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK, BROOKLYN

UNITED STATES OF AMERICA
V.
JESSICA SANCHEZ

**JUDGMENT IN A CRIMINAL CASE**

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ JUL 26 2007 ★ BROOKLYN OFFICE

Case Number: 05-CR-343-01 (JG)

USM Number: 63527-053

Michael D. Weil, Esq. (718) 330-1200
16 Court Street, 3rd Floor, Brooklyn, NY 11241
Defendant's Attorney

**THE DEFENDANT:**

✔ pleaded guilty to count(s) One of a single-charge information before Judge Mann on 5/10/2005.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 952(a)(1) and 960(b)(3) | Importation of Heroin into the United States | 3/26/2005 | ONE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 29, 2007
Date of Imposition of Judgment

/S/
Signature of Judge

John Gleeson U.S.D.J.
Name of Judge Title of Judge

7-05-07
Date

A TRUE COPY
ATTEST
DATED August 5 20 09
ROBERT C. HEINEMANN
CLERK
BY Francine Piper
DEPUTY CLERK

DEFENDANT: JESSICA SANCHEZ
CASE NUMBER: 05-CR-343-01 (JG)



# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Six (6) months incarceration.**

✔ The court makes the following recommendations to the Bureau of Prisons:
**Incarceration at Danbury FCI.**

☐ The defendant is remanded to the custody of the United States Marshal.

✔ The defendant shall surrender to the United States Marshal for this district:

✔ at **12:00** ☐ a.m. ✔ p.m. on **July 20, 2007** .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. __________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered __________ to __________

at __________ , with a certified copy of this judgment.

__________
UNITED STATES MARSHAL

By __________
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: JESSICA SANCHEZ
CASE NUMBER: 05-CR-343-01 (JG)



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Three (3) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JESSICA SANCHEZ
CASE NUMBER: 05-CR-343-01 (JG)



# SPECIAL CONDITIONS OF SUPERVISION

**–The defendant shall abstain from any illegal substances and/or alcohol.**

**–Participation in mental health treatment as directed by the supervising officer. The costs are to be paid by a third party provider or by the defendant.**

**–Participation in a long term substance abuse treatment program as directed by the supervising officer. The costs are to be paid by a third party provider or by the defendant. The defendant is to report to this program immediately after release from incarceration.**

**–Participation in an educational/vocational training program and be employed part-time. If the defendant is employed full-time, participation in this program will be as directed by the supervising officer.**

**–Curfew is to be set between (9:00 PM to 6:00 AM). The supervising officer may designate different hours if necessary.**

DEFENDANT: JESSICA SANCHEZ
CASE NUMBER: 05-CR-343-01 (JG)



## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JESSICA SANCHEZ
CASE NUMBER: 05-CR-343-01 (JG)



## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ✔ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than ____________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.